Summons - Alias Summons (12/31/15) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

AMIN KANAN

v.

INTERNATIONAL HAULING & EXCAVA;
SORRELLI TRUCKING INC.

No. 2017-CH-06816

Defendant Address:
INTERNATIONAL HAULING & EXCAVA
R/A MICHAEL A. WEISBERG
2217 LAKESIDE DRIVE B
BANNOCKBURN, IL 60015

☑ SUMMONS ☐ ALIAS - SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802 , Chicago, Illinois 60602
☐ District 2 - Skokie           ☐ District 3 - Rolling Meadows      ☐ District 4 - Maywood
   5600 Old Orchard Rd.            2121 Euclid 1500                    Maybrook Ave.
   Skokie, IL 60077                Rolling Meadows, IL 60008           Maywood, IL 60153
☐ District 5 - Bridgeview       ☐ District 6 - Markham              ☐ Richard J. Daley Center
   10220 S. 76th Ave.              16501 S. Kedzie Pkwy.               50 W. Washington, LL-01
   Bridgeview, IL 60455            Markham, IL 60428                   Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☐ Atty. No.: 48423
Name: MATTHEW M SAFFAR LAW OFFICES
Atty. for: AMIN KANAN
Address: 800 E NW HWY#1095
City/State/Zip Code: PALATINE, IL 60074
Telephone: (847) 259-6647
Primary Email Address: msaffar@sbcglobal.net
Secondary Email Address(es):

Witness: Friday, 12 May 2017

DOROTHY BROWN, Clerk of Court

Date of Service:
(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
Page 1 of 1

ELECTRONICALLY FILED
5/12/2017 4:24 PM
2017-CH-06816
CALENDAR: 09
PAGE 1 of 12
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
CHANCERY DIVISION
CLERK DOROTHY BROWN

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
CHANCERY DIVISION, FIRST DISTRICT

| | |
|---|---|
| AMIN KANAN,<br>Individually and on behalf of those<br>Similarly Situated,<br>        Plaintiffs,<br>v.<br><br>SORRELLI TRUCKING, INC. and,<br>INTERNATIONAL HAULING &<br>EXCAVATING, INC.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>)<br>) |

## CLASS ACTION COMPLAINT

NOW COMES the Plaintiff, Amin Kanan, individually and on behalf of those similarly situated, by and through their attorneys, the Law Offices of Matthew M. Saffar, LLC, and in Complaining of the Defendants, Sorrelli Trucking, Inc. (hereafter "Sorrelli"), and International Hauling and Excavating, Inc. (hereafter "International"), states as follows:

1. Amin Kanan is a resident of Cook County.

2. Defendant Sorrelli, is an Illinois Corporation with its principal place of business in Lockport, Illinois, Cook County.

3. Defendant International is an Illinois Corporation with its principal place of business in Dairen, Illinois, Cook County.

4. Amin Kanan began his employment with the Defendants on or around March of 2009.

5. Mr. Kanan was employed by the defendants until 2016.

6. Each Defendant employs approximately 25-30 drivers.

7. Venue is appropriate because the Defendants corporations operate and maintain properties within Cook County.

Commented [M1]:

ELECTRONICALLY FILED
5/12/2017 4:24 PM
2017-CH-06816
PAGE 2 of 12

8. Mr. Kanan bring this Complaint as a Class Action.

9. The likely size of the class will be in excess of 50 employees that have worked for the Defendants since 2012.

10. Based upon a class of over 50 employees, the class size is so numerous as to make joinder impractical.

11. Joinder of all class members is further impractical because many of the employees that would be members of the class are currently employed by the Defendants or otherwise routinely travelling based upon their profession as truck drivers.

12. Questions of law will apply to all proposed class members and the Plaintiff.

13. Questions of fact regarding the Defendant's contracts and wages will apply to all proposed class members and the Plaintiff.

14. The Plaintiff is more than adequate to represent the interests of the class as their claims are similar to those of the other proposed class members and the Plaintiff does not bare the risk of retaliation from Defendants as they have already terminated their employment relationship.

15. Based upon the more than 50 possible class members with similar questions of fact and law as the Plaintiffs, a Class Action is the most fair and efficient way to deal with the controversy between the parties.

16. As statute provides for attorney fees for any violations, a class action is the most fair and equitable means of resolve for the Defendants.

17. Defendant Sorrelli routinely gave Mr. Kanan detailed work assignments, supervised his work and maintained records of the hours he worked.

ELECTRONICALLY FILED
5/12/2017 4:24 PM
2017-CH-06816
PAGE 3 of 12

18. Defendant International, routinely gave Mr. Kanan detailed work assignments, supervised his work and maintained records of the hours he worked.

19. Upon information and belief, because of their interrelation of operations, common management, centralized control of labor relations, common ownership, common financial controls, and other factors, Sorrelli and International are sufficiently interrelated and integrated in their activities, labor relations, ownership, and management that they may be treated as a single employer for purposes of the instant action.

## COUNT I – VIOLATION OF 820 ILCS 130/1 - Sorrelli

20. Plaintiff restates the allegations of paragraphs 1-19.

21. 820 ILCS 130/1 (hereafter "The Act") states in pertinent part that:

   It is the policy of the State of Illinois that a wage of no less than the general prevailing hourly rate as paid for work of a similar character in the locality in which the work is performed shall be paid to all laborers, workers and mechanics employed by or on behalf of any and all public bodies engages in public work.

22. Sorrelli has contracted with the State of Illinois and other municipalities and government agencies to provide Trucking services for construction projects during the period of 2012 through present.

23. Sorrelli has failed or otherwise refused to pay the prevailing wage as defined under the Act to employees involved in State, Municipal, or other government contracts.

24. Sorrelli has made a practice of paying all employees less than the prevailing wage for work performed on contracts with the State, Municipalities, and other government agencies as required by the Act.

25. At all relevant times, Sorrelli, its agents and manager, knew that they were required to pay the prevailing wages to employees as required by the statute, but refused to do so.

ELECTRONICALLY FILED
5/12/2017 4:24 PM
2017-CH-06816
PAGE 4 of 12

26. Defendant Sorrelli failed to pay Mr. Kanan the prevailing hourly wage for any and all work he performed for State, Municipal, or other government contracts.

27. On information and belief, Sorrelli paid less than the required amount of wages to every one of its approximately 25-30 employees.

28. The claims of the Plaintiff are the same as those of the proposed class in that they seek damages based upon failure to properly wages as required by the Act.

29. Based upon concern of loss of employment, employees of Sorrelli, including Kanan were forced to accept the violations with regards to wages in order to avoid risking their jobs.

WHEREFORE, the Plaintiff prays that this Court award damages equal to:

1. Judgment in the amount of the difference between the prevailing wages and the actual wages paid to employees;
2. Punitive Damages as provided by statute in the amount of the 2% per month for any missing wages from the date of improper pay;
3. Enter a permanent injunction barring Sorrelli from any future violations of the Act;
4. Costs for pursuing this claim;
5. Attorney's fees as provided for by statute.
6. Any other relief that this Court deems fair and just.

<u>COUNT II – VIOLATION OF 820 ILCS 130/1 - International</u>

30. Plaintiff restates the allegations of paragraphs 1-19.

31. 820 ILCS 130/1 (hereafter "The Act") states in pertinent part that:

It is the policy of the State of Illinois that a wage of no less than the general prevailing hourly rate as paid for work of a similar character in the locality in which the work is performed shall be paid to all laborers, workers and mechanics employed by or on behalf of any and all public bodies engages in public work.

32. International has contracted with the State of Illinois and other municipalities and government agencies to provide Trucking services for construction projects during the period of 2012 through present.

ELECTRONICALLY FILED
5/12/2017 4:24 PM
2017-CH-06816
PAGE 5 of 12

33. International has failed or otherwise refused to pay the prevailing wage as defined under the Act to employees involved in State, Municipal, or other government contracts.

34. International has made a practice of paying all employees less than the prevailing wage for work performed on contracts with the State, Municipalities, and other government agencies as required by the Act.

35. At all relevant times, International, its agents and manager, knew that they were required to pay the prevailing wages to employees as required by the statute, but refused to do so.

36. Defendant International failed to pay Mr. Kanan the prevailing hourly wage for any and all work he performed for State, Municipal, or other government contracts.

37. On information and belief, International paid less than the required amount of wages to every one of its approximately 25-30 employees.

38. The claims of the Plaintiff are the same as those of the proposed class in that they seek damages based upon failure to properly wages as required by the Act.

39. Based upon concern of loss of employment, employees of International, including Kanan were forced to accept the violations with regards to wages in order to avoid risking their jobs.

WHEREFORE, the Plaintiff prays that this Court Judgment as follows:

1. Judgment in the amount of the difference between the prevailing wages and the actual wages paid to employees;
2. Punitive Damages as provided by statute in the amount of the 2% per month for any missing wages from the date of improper pay;
3. Enter a permanent injunction barring International from any future violations of the Act;
4. Pre-Judgment Interest on all wages;
5. Costs for pursuing this claim;
6. Attorney's fees as provided for by statute.
7. Any other relief that this Court deems fair and just.

## COUNT III – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT (FLSA)
### SORRELLI

40. Plaintiff restates and realleges the allegations contained in paragraphs 1-19.

41. Named Plaintiff brings this action for violations of the FLSA as a class action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed by Sorrelli in non-exempt positions subject to Sorrelli's unlawful pay practices and policies described herein and who worked for Sorrelli at any point in the three years preceding the date the instant action was initiated (the members of this putative class are referred to as "Plaintiffs").

42. At all relevant times, Defendant Sorrelli was and continues to be an "Employer" within the meaning of FLSA.

43. At all relevant times, Plaintiff and Plaintiffs were and are responsible for paying wages to Named Plaintiff and Plaintiffs.

44. At all relevant times, Named Plaintiff and Plaintiffs were and are employed with Sorrelli as "employees" within the meaning of the FLSA.

45. Under FLSA, an employer must pay an employee at least one and one half times his or her regular rate of pay for each hour worked in excess of forty hours per workweek.

46. Named Plaintiff and Plaintiffs were subjected to the same unlawful wage policies and practices described herein.

47. Named Plaintiff and Plaintiffs are similarly situated, have substantially similar non-managerial job duties, have substantially similar pay provisions, and are all subject to Sorrelli's unlawful policies and practices as described herein.

48. Defendant Sorrelli maintained a wage system whereby time sheets were submitted by

ELECTRONICALLY FILED
5/12/2017 4:24 PM
2017-CH-06816
PAGE 6 of 12

ELECTRONICALLY FILED
5/12/2017 4:24 PM
2017-CH-06816
PAGE 7 of 12

drivers weekly to show the hours worked. Sorrelli required these hours to be rounded down to the closest 15-minute interval.

49. Plaintiff and Plaintiffs were required to keep their trucks at the Sorrelli facility.

50. Plaintiff and Plaintiffs were then required to pick up their trucks and the Sorrelli facility and then travel to other locations to pick up items for delivery.

51. Sorrelli never paid either Plaintiff of Plaintiffs for the time required to travel from the Sorrelli facility to their first assignment.

52. Both Plaintiff and Plaintiffs only travelled within the State of Illinois.

53. All products delivered by Sorrelli originated within the State of Illinois.

54. Plaintiff and Plaintiffs routinely work overtime.

55. Based upon the above deductions from time, Plaintiff and Plaintiffs were routinely denied appropriate overtime wages as required under FLSA.

56. Defendant Sorrelli's violations of the FLSA include, but are not limited to: (1) unlawfully docking Named Plaintiff's and Plaintiffs' overtime pay by using a rigged rounding system which substantially favors Defendants; (2) unlawfully docking Named Plaintiff's and Plaintiffs' regular and overtime pay by reducing their pay for travel from Sorrelli facilities to initial jobsites; and (3) unlawfully compensating Named Plaintiff and Plaintiffs overtime at less than 1.5 times their regular rate.

57. Defendant's conduct in failing to pay Named Plaintiff and Plaintiffs properly was and is willful and was and is not based upon any reasonable interpretation of the law.

58. As a result of Defendants' unlawful conduct, Named Plaintiff and Plaintiffs have suffered damages as set forth herein.

WHEREFORE, the Plaintiff prays that this Court Judgment as follows:

a. Judgment in the amount of missing wages to be proven by the Plaintiff;
b. Punitive Damages as provided by statute for any missing wages from the date of improper pay;
c. Pre-Judgment Interest on all wages;
d. Enter a permanent injunction barring Sorrelli from any future violations of the Act;
e. Costs for pursuing this claim;
f. Attorney's fees as provided for by statute.
g. Any other relief that this Court deems fair and just.

### COUNT IV – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT (FLSA) INTERNATIONAL

59. Plaintiff restates and realleges the allegations contained in paragraphs 1-19.

60. Named Plaintiff brings this action for violations of the FLSA as a class action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed by International in non-exempt positions subject to International's unlawful pay practices and policies described herein and who worked for International at any point in the three years preceding the date the instant action was initiated (the members of this putative class are referred to as "Plaintiffs").

61. At all relevant times, Defendant International was and continues to be an "Employer" within the meaning of FLSA.

62. At all relevant times, Plaintiff and Plaintiffs were and are responsible for paying wages to Named Plaintiff and Plaintiffs.

63. At all relevant times, Named Plaintiff and Plaintiffs were and are employed with International as "employees" within the meaning of the FLSA.

64. Under FLSA, an employer must pay an employee at least one and one half times his or her regular rate of pay for each hour worked in excess of forty hours per workweek.

ELECTRONICALLY FILED
5/12/2017 4:24 PM
2017-CH-06816
PAGE 8 of 12

ELECTRONICALLY FILED
5/12/2017 4:24 PM
2017-CH-06816
PAGE 9 of 12

65. Named Plaintiff and Plaintiffs were subjected to the same unlawful wage policies and practices described herein.

66. Named Plaintiff and Plaintiffs are similarly situated, have substantially similar non-managerial job duties, have substantially similar pay provisions, and are all subject to International's unlawful policies and practices as described herein.

67. Defendant International maintained a wage system whereby time sheets were submitted by drivers weekly to show the hours worked. International required these hours to be rounded down to the closest 15-minute interval.

68. Plaintiff and Plaintiffs were required to keep their trucks at the International facility.

69. Plaintiff and Plaintiffs were then required to pick up their trucks and the International facility and then travel to other locations to pick up items for delivery.

70. International never paid either Plaintiff of Plaintiffs for the time required to travel from the International facility to their first assignment.

71. Both Plaintiff and Plaintiffs only travelled within the State of Illinois.

72. All products delivered by International originated within the State of Illinois.

73. Plaintiff and Plaintiffs routinely work overtime.

74. Based upon the above deductions from time, Plaintiff and Plaintiffs were routinely denied appropriate overtime wages as required under FLSA.

75. Defendant International's violations of the FLSA include, but are not limited to: (1) unlawfully docking Named Plaintiff's and Plaintiffs' overtime pay by using a rigged rounding system which substantially favors Defendants; (2) unlawfully docking Named Plaintiff's and Plaintiffs' regular and overtime pay by reducing their pay for travel from

ELECTRONICALLY FILED
5/12/2017 4:24 PM
2017-CH-06816
PAGE 10 of 12

International facilities to initial jobsites; and (3) unlawfully compensating Named Plaintiff and Plaintiffs overtime at less than 1.5 times their regular rate.

76. Defendant's conduct in failing to pay Named Plaintiff and Plaintiffs properly was and is willful and was and is not based upon any reasonable interpretation of the law.

77. As a result of Defendants' unlawful conduct, Named Plaintiff and Plaintiffs have suffered damages as set forth herein.

WHEREFORE, the Plaintiff prays that this Court Judgment as follows:

a. Judgment in the amount of wages to be proven by the Plaintiff;
b. Punitive Damages as provided by statute for any missing wages from the date of improper pay;
c. Enter a permanent injunction barring International from any future violations of the Act;
d. Costs for pursuing this claim;
e. Attorney's fees as provided for by statute.
f. Any other relief that this Court deems fair and just.

## COUNT V – UNJUST ENRICHMENT (SORRELLI)
Plead in the Alternative

78. Plaintiff restates and realleges paragraphs 1-19 herein.

79. Named Plaintiff and Plaintiffs provided truck driving services to Defendant Sorrelli.

80. Defendant Sorrelli was paid by both State and private entities for truck driving services provided by Named Plaintiff and Plaintiffs.

81. Named Plaintiff and Plaintiffs were not paid for all hours worked by Sorrelli.

82. Sorrelli routinely deducted hours from pay that were actually worked by the named Plaintiff and Plaintiffs.

83. Based upon this failure to pay hourly wages for all hours worked, Defendant Sorrelli was unjustly enriched based upon his receipt of fees and failure to pay Named Plaintiff and

ELECTRONICALLY FILED
5/12/2017 4:24 PM
2017-CH-06816
PAGE 11 of 12

Plaintiffs.

84. Based upon the refusal to pay Named Plaintiff and Plaintiffs for all hours worked, Named Plaintiff and Plaintiffs suffered lost wages, to their detriment.

WHEREFORE, the Plaintiff prays that this Court Judgment as follows:

a. Judgment in the amount missing wages
b. Enter a permanent injunction barring Sorrelli from improperly deducting wages;
c. Pre-Judgment interest on all wages;
d. Costs for pursuing this claim;
e. Any other relief that this Court deems fair and just.

### COUNT VI – UNJUST ENRICHMENT (INTERNATIONAL)
Plead in the Alternative

85. Plaintiff restates and realleges paragraphs 1-19 herein.

86. Named Plaintiff and Plaintiffs provided truck driving services to Defendant International.

87. Defendant International was paid by both State and private entities for truck driving services provided by Named Plaintiff and Plaintiffs.

88. Named Plaintiff and Plaintiffs were not paid for all hours worked by International.

89. International routinely deducted hours from pay that were actually worked by the named Plaintiff and Plaintiffs.

90. Based upon this failure to pay hourly wages for all hours worked, Defendant International was unjustly enriched based upon his receipt of fees and failure to pay Named Plaintiff and Plaintiffs.

91. Based upon the refusal to pay Named Plaintiff and Plaintiffs for all hours worked, Named Plaintiff and Plaintiffs suffered lost wages, to their detriment.

WHEREFORE, the Plaintiff prays that this Court Judgment as follows:

a. Judgment in the amount missing wages

b. Enter a permanent injunction barring International from improperly deducting wages;
c. Pre-Judgment Interest on all wages;
d. Costs for pursuing this claim;
e. Any other relief that this Court deems fair and just.

Respectfully submitted,

/s/Matthew M. Saffar
Attorney for the Plaintiff

Law Offices of Matthew M. Saffar
800 E. Northwest Highway, Suite 1095
Palatine, IL 60074
Atty. No 48423
(847)259-6647
saffarlaw@gmail.com

ELECTRONICALLY FILED
5/12/2017 4:24 PM
2017-CH-06816
PAGE 12 of 12